## PROCEDURE WHERE CAUSES ARE MISJOINED.

### Circuit Court of Hamilton County.

### JANE MORRIS v. ANCHOR FIRE INSURANCE CO. ET AL.

### Decided, July 27, 1908.

*Improper Joinder of Causes of Action—Proper Procedure by the Plaintiff—Error to Dismiss the Petition—Section 5064.*

A liberal construction of the civil code in furtherance of justice requires that, where separate causes of action against several defendants are improperly joined, the plaintiff be permitted to file a petition against each defendant as provided by Section 5064, Revised Statutes.

*Moulinier, Bettman & Hunt,* for plaintiff in error.
*Wade Cushing,* contra.

SWING, P. J.; GIFFEN, J., and SMITH, J., concur.

The demurrer to the petition on the ground that separate causes of action against several defendants are improperly joined was properly sustained, but we think the court erred in dismissing the petition. What the court should have done was to permit the plaintiff to have filed several petitions against each defendant by analogy with Section 5064, Revised Statutes. This section does not in express terms apply to this case. It was adopted long before the eighth cause of demurrer was made a ground for demurrer; but there would seem to be no reason why Section 5064 should apply to the seventh cause for demurrer and not apply to the eighth cause for demurrer. The code should be liberally construed in furtherance of justice as is shown by Section 5114, Revised Statutes, whereby amendments are provided for, and the general principles applicable to code pleading, and we think this principle broad enough to cover this case. To some extent it avoids costs and litigation and does no substantial harm to the defendants.